# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| **Clarence Chisolm, #058272,** ) | |
| ) | C/A No. 4:07-1791-TLW-TER |
| Petitioner, ) | |
| **vs.** ) | |
| ) | |
| **Warden, Lieber Correctional** ) | **REPORT AND RECOMMENDATION** |
| **Institution,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Clarence Chisolm ("petitioner/Chilsom"), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 29, 2007. Respondent filed a Return and Memorandum (Document #42) and a Motion for summary judgment (Document #41) on January 20, 2009. The undersigned issued an order filed January 21, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On February 5, 2009, petitioner filed a request for extension of time to respond to the respondent's motion for summary judgment. On April 9, 2009, an order was filed in which the motion for an extension of time was granted, and petitioner was given an additional fifteen (15) days to file a response to respondent's motion for summary judgment or his case may be dismissed under Rule 41 of the Federal Rules of Civil Procedure, i.e. with prejudice. No response has been filed by petitioner.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

**RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to respondent's motion to dismiss or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).[2]

---

[2] In the alternative, the undersigned recommends that respondent's motion for summary judgment be granted as this action is barred by the statute of limitations. For convictions that became final before the AEDPA's effective date, the limitations period began on April 24, 1996. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v. Angelone, supra. The period therefore expires on April 24, 1997 (absent tolling). See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

Petitioner pleaded guilty on November 22, 1966, and did not file an appeal from his plea or sentence. Petitioner was paroled on January 4, 1991, and was again incarcerated on a parole violation on November 17, 2004. Petitioner filed an application for post-conviction relief (PCR) on December 6, 2006. In memorandum attached to petitioner's federal habeas petition, he raises grounds pertaining to his conviction in 1966. As petitioner's conviction became final before the

**CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

                                                             Respectfully submitted,

                                                             s/Thomas E. Rogers, III
                                                             Thomas E. Rogers, III
                                                             United States Magistrate Judge

May 27, 2009
Florence, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**

---

AEDPA's effective date, he had until April 24, 1997, to file his habeas petition. Petitioner did not file his habeas petition until June 29, 2007. Accordingly, petitioner's AEDPA period of limitations had clearly expired and, thus, it is barred by the statute of limitations. Therefore, it is recommended that the petition be dismissed as untimely.